UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

MANJIT KAUR RAI,

          Defendant.

_____/

NO. 2:06-cr-058 FCD

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, which provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Rule 35 "authorizes the district court to correct obvious sentencing errors." United States v. Portin, 20 F.3d 1028, 1030 (9th Cir. 1994). The Ninth Circuit has noted that "[a]ll sentencing proceedings are to begin by determining the applicable Guidelines range. The range must be calculated correctly." United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). "It would be procedural error for a district

1

court to fail to calculate-or to calculate incorrectly-the Guidelines range;" "a procedurally erroneous . . . sentence will be set aside." Id. at 993.

While Rule 35 allows a district court to correct clear error in a sentence, "it does not empower the district court to reach legal sentences previously imposed." United States v. Lewis, 862 F.2d 748, 750 (9th Cir. 1988).  Indeed the Ninth Circuit has made clear that district courts do not have "inherent power to resentence in order to effectuate the original sentencing intent." Id. (internal quotations omitted); see also United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir.1999) ("Rule 35(c) clearly is intended to allow a district court to modify a sentence only in very limited instances and *not* merely to 'reconsider' sentencing issues.") (emphasis in original).

On September 24, 2010, the court sentenced defendant Manjit Rai to a term of 30 years imprisonment as a result of her convictions in this case.  Specifically, the court concluded that Rai's applicable offense level was 24 and the criminal history category was I, which resulted in a recommended range of 51-63 months imprisonment under the United States Sentencing Guidelines.  However, after considering the factors set forth in 18 U.S.C. § 3553, the court imposed a lesser sentence of 30 months imprisonment.

As part of the calculations under the United States Sentencing Guidelines, the court imposed a nine level increase under U.S.S.G. § 2L2.1(b)(2)(C) for jointly undertaking the filing of more than 100 fraudulent documents.  In making this finding by clear and convincing evidence, the court relied on the

2

evidence at trial, which was reflected, in part, by charts submitted by the government.[1]

Upon further review of the sentencing chart, Exhibit A to the Sentencing of Manjit Kaur Rai, the court notes inclusion of records filed prior to defendant Rai's joining of the conspiracy in September 2001.  For purposes of sentencing, "a defendant relevant conduct does not include the conduct of members of a conspiracy prior to the defendant's joining the conspiracy . . . ."  United States v. Hopper, 177 F.3d 824, 833 (9th Cir. 1999); U.S.S.G. § 1B1.3(a)(1)(B) cmt. 2 ("A defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant's joining the conspiracy, even if the defendant knows of that conduct.")  As such, inclusion of these records in the calculation of the number of false documents for which Manjit Kaur Rai was responsible was clear error.

After excising the documents filed prior to Rai's joinder in the conspiracy, the number remaining is *89* documents, as opposed to the original 164 documents calculated by the court.  As such, under § 2L2.1(b)(2), defendant Rai is only subject to a six level increase under the guidelines, not a nine level increase.  The court accordingly corrects her sentence to reflect a 6 level increase under U.S.S.G. § 2L2.1(b)(2)(C).

This correction results in an applicable offense level of 21 and a criminal history category of I, which results in a recommended range of 37-46 months imprisonment under the United

---

[1] The court made substantial modifications to the government's original chart, deleting those records it concluded could not be deemed false by clear and convincing evidence.

3

States Sentencing Guidelines.  However, the court's imposition of 30 months imprisonment remains less than the recommended guidelines range.  Because the court can find no clear error with respect to the downward departure from the recommended guidelines range, the court does not have jurisdiction to reconsider or modify the term of imprisonment imposed.

   IT IS SO ORDERED.

DATED: October 8, 2010.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE